DOUCET, Judge.
Billy W. Benevage and Linda Thaxton Benevage petitioned to adopt Brent Anthony Vest, the child of John William Vest and Joan Nicholas Vest, a married couple. The trial court ruled that the act of surrender executed by the natural parents of this child was fatally deficient in that it failed to recite that the mother of the child was under the age of eighteen at the time of the signing of the act and therefore the parent or parents of the minor mother should have, but did not, join in the act. The Benevages now appeal that ruling.
The central issue of this appeal is the sufficiency of the act of surrender executed by the natural parents, appellees, John and Joan Vest.
Brent Anthony Vest was born to John and Joan Vest on August 19, 1982. At the time of the child’s birth, Joan was sixteen years old and John was twenty. Six days after the birth of Brent Anthony, on August 25, 1982, both parents signed an authentic act of surrender, consenting to the adoption of the child by Billy and Linda Benevage. This act made no reference to the age of the mother, nor did her parents join in the act. Six days after the signing *1360 of this instrument, on August 31,1982, John and Joan executed a revocation of their consent to adopt; withdrawing, rescinding, and revoking their consent and further raising the issue that the act of consent was deficient in its failure to recite that Joan Vest was under the age of eighteen and therefore her custodial parent or parents must also sign the act, and had not.
The revocation was received by Appellants Benevage, by certified mail, on September 1, 1982. Their petition for adoption was filed on the day following their receipt of the revocation, September 2, 1982.
An adoption hearing was fixed for October 7, 1982. The parents appeared, reiterated their opposition to the adoption, and urged the invalidity of the act of surrender. A copy of their revocation, dated August 31, 1982, was entered into evidence.
The trial court held that the act of surrender was defective in that it failed to recite the fact that the mother was under the age of eighteen, and that it failed to join the mother’s parent or parents. The trial court ordered the immediate return of the child to his natural parents, John and Joan Vest. This order was stayed by this Court, pending this appeal.
Appellants cite two specifications of error:
1. The trial court failed to grant the adoption of the child despite testimony that the adoption would be in the best interest of the child; and
2. The trial court erroneously held the act of surrender invalid.
We will deal with the issue of the validity of the act of surrender first, since it will be despositive of the entire matter.
The statutory provisions concerning the private adoption of persons under the age of seventeen in this state are contained in LSA-R.S. 9:421, et seq. Pertinent to this case are those set forth in LSA-R.S. 9:422.-3, 9:422.4 and 9:422.6, following:
9:422.3:
The parent or parents of a child, whether the child is born in wedlock or out of wedlock and whether the parent is over or under eighteen years of age, may execute an authentic act of voluntary surrender of custody of the child for private adoption. The formal act shall be evidence of a legal and voluntary surrender only if it is executed in accordance with the provisions of this Subpart. The provisions of this Subpart shall be inapplicable where custody of the child has been removed by court order and placed with the Department of Health and Human Resources and the parent or parents shall have no capacity to execute an authentic act of voluntary surrender of custody as provided for in this Subpart. Nothing in this Subpart, however, shall alter the provisions for or the effects of a voluntary surrender to an agency.
9:422.4:
The father and mother indicated on the certified copy of the child’s birth certificate provided in R.S. 9:422.2 must join in signing the authentic act of surrender of that child. If the father of the child is not indicated, the mother may sign the authentic act of surrender alone. Should the indicated parent or parents be under the age of eighteen at the time of the signing of the act of surrender, the parents of the indicated parent or parents must also sign the act of surrender; if said parents are legally separated or divorced or one is deceased, in that case the parent with custody or the living parent must sign the act, if the surrendering parent or parents are under a guardianship, said guardian should sign the act.
9:422.6:
The formal act of surrender shall identify the parent or parents of the child by name, parish of domicile, age, and marital status; shall identify the child and the parish of birth of the child; shall indicate the name and address of the person or persons to whom the surrender is made, or the name and address of the representative of that person or persons; and shall recite: (1) the date of birth of the child to be surrendered and that the act is not signed earlier than the fifth day following that date; (2) that the parent or *1361 parents freely and voluntarily surrender custody of the child for the purpose of private placement and adoption; (3) that the parent or parents consent to the adoption; (4) that the parent or parents have been informed and understand that their rights as parents of the child are to be terminated, and (5) that notice and service of any pleadings of any sort in subsequent adoption proceeding is waived. Should a surrendering parent of the child be under the age of eighteen at the time of the signing, the formal act shall also recite that fact and shall state that the surrendering parent under the age of eighteen is joined in signing the formal act of surrender by those individuals indicated in R.S. 9:422.3. Each necessary party must sign in the presence of a notary and two witnesses, although it is not necessary that they sign the same instrument. Emphasis added.
The act signed by the Vests fails to comply with the statutory provisions in that it does not recite the ages of the surrendering parents. The certified copy of Brent Anthony Vest’s birth certificate which was filed with the petition for adoption lists the mother’s age as sixteen at the time of the birth of the child. In accordance with the statutory provisions, then, Mrs. Vest’s parent or parents (her testimony indicated only her mother) should have joined in the signing of the act of surrender, and did not.
The interpretation of adoption statutes is not new to the courts of this State, nor is the requirement that such statutes be strictly construed:
It has been firmly settled by this court that adoption is a creature of statute; that, this being so, it is only what the law makes it and that, to establish the relation, the statutory requirements must be strictly carried out, otherwise, the adoption is an absolute nullity. Green v. Paul, 212 La. 337, 31 So.2d 819 (La.1947), rehearing denied.
Further, it is well established that these statutes are to be strictly construed in favor of the parents:
These statutes being in derogation of the natural right of the parents to the child, and the right of the child to its parents, have consistently been strictly construed in favor of the parents. Roy v. Speer, 249 La. 1034, 192 So.2d 554 (La.1966), Adoption of Edwards, 369 So.2d 210 (La.App. 3rd Cir.1979).
The pertinent statutory law clearly and unambiguously sets forth the requirements for a valid surrender of a child for adoption. The act executed by Appellees does not meet those requirements, therefore, it is not valid. Lacking a valid consent by both parents to the adoption of their child, Appellants’ petition for adoption must be denied.
Having concluded that the ruling of the trial court concerning the validity of the act of surrender was correct, we need not address Appellants’ other assignment of error.
All costs of this appeal are assessed to Appellants, Billy and Linda Benevage.
The stay order previously issued herein is set aside and the order of the trial court that the child, Brent Anthony Vest, be returned to his parents, John and Joan Vest, is reinstated.
AFFIRMED.
FORET, J., dissents and assigns reasons.