STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CW 0457

OLIVIA LYN BEAN AND TRESHAWN DARAIE DAVIS

VERSUS

EMILY POUNDS AND REID POUNDS

*Consolidated with*

IN RE: EMILY AND REID POUNDS
APPLYING FOR PRIVATE ADOPTION [OF A.G.B.[1]]

Judgment Rendered: **JUN 0 2 2022**

* * * * *

On review from the Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana

Docket Number 114,862 c/w 115,132, Div. K

The Honorable Patrice W. Oppenheim, Judge Presiding

* * * * *

Bernadette Rocco Lee                    Counsel for Plaintiffs/Relators,
Sheila Willis                          Olivia Lyn Bean and Treshawn
Edith Henderson Morris                 Daraie Davis
Suzanne Ecuyer Bayle
New Orleans, LA


Mark L. James                          Counsel for Defendants/Respondents,
Franklinton, Louisiana                 Emily Pounds and Reid Pounds

* * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, MCDONALD, MCCLENDON, WELCH,
THERIOT, HOLDRIDGE, CHUTZ, PENZATO, LANIER, WOLFE,
AND HESTER, JJ.

[1] The initials of the minor child are used to protect and maintain the privacy of the minor child involved in this proceeding. See Uniform Rules of Louisiana Courts of Appeal, Rule 5-1 and Rule 5-2.

**Guidry, J.**

In this writ application, plaintiffs, Olivia Lyn Bean and Treshawn Daraie[2] Davis, seek review of the trial court's judgment denying their request that their minor child, A.G.B., currently in the custody of defendants, Emily and Reid Pounds, be returned to the custody of Bean, the child's natural mother. For the reasons that follow, we grant the writ application and reverse the portion of the trial court's judgment denying Bean and Davis's request that A.G.B. be returned to the custody of her natural mother. We vacate any prior custody awards in this matter, grant Bean and Davis's request that custody of A.G.B. be returned to Bean, and remand this matter to the trial court to facilitate the transfer of A.G.B. to her natural mother within 20 days from the date of issuance of this opinion.

## FACTS AND PROCEDURAL HISTORY

The following extensive factual and procedural history of this protracted litigation is taken from our prior opinion, **Bean v. Pounds**, 2021-1549 (La. App. 1st Cir. 3/30/22), 2022 WL 951370 (unpublished).

On April 30, 2020, A.G.B. was born to Olivia Lyn Bean and Treshawn Daraie Davis. Four days later, on May 4, 2020, Bean and Davis signed acts of surrender for the adoption of A.G.B. by defendants, Emily Pounds and Reid Pounds (collectively, "Poundses"). According to the parties, A.G.B. has remained in the physical custody of the Poundses since her birth.

On May 28, 2020, less than a month after signing the voluntary surrenders, Bean and Davis sought to revoke their surrenders by filing an "Objection to Adoption" in Washington Parish.[3] Bean and Davis alleged they are the biological parents of A.G.B. and stated they "**revoke any previous consent to adoption and object to any adoption of [A.G.B.].**" (Emphasis in original). The record before

---

[2] Treshawn Daraie Davis' middle name is sometimes misspelled as "Dardie."

[3] Bean and Davis' objection to adoption was assigned to a different division than the instant matter.

2

this court in **Bean** did not contain evidence regarding the disposition of Bean and Davis's objection to adoption.

On July 13, 2020, Bean and Davis initiated the instant matter by filing a "Petition for Custody" naming Emily Pounds and Reid Pounds as defendants. The case was assigned trial court docket number 114,862 and was allotted to Division "K" of the Twenty-Second Judicial District Court. In their petition for custody, Bean and Davis alleged they are A.G.B.'s biological parents, and the Poundses have physical custody of A.G.B. "subject to an unfiled Adoption." Bean and Davis requested the trial court "establish custody of [A.G.B.] in accordance with Louisiana law."

Following a conference on October 6, 2020, a hearing officer issued a report recommending A.G.B. be returned to Bean and Davis, finding no adoption proceedings had been initiated by the Poundses, and further finding "no legal authority for them to exercise custody." On October 12, 2020, the Poundses filed an objection to the hearing officer's report, alleging A.G.B. would be in danger if returned to Bean and Davis, and stating that an application for adoption would be filed. **Id.** at *1.

On October 13, 2020, the Poundses filed an "Application for Court Approval of Adoptive Placement" requesting A.G.B. be placed for adoption with the Poundses. The Poundses' application for adoption was assigned trial court docket number 115,132 and was allotted to Division "K" of the Twenty-Second Judicial District Court. The Poundses attached the following documentation to their application for adoption: (1) the voluntary surrenders executed by Bean and Davis on May 4, 2020; (2) documents related to criminal background checks for Emily Pounds and Reid Pounds; (3) an "Adoption Assessment" of Bean completed by Angelle Escousse, a licensed clinical social worker; and (4) an affidavit by Escousse wherein she attested that she met with Bean "in a two-hour clinical session" on May

3

4, 2020. The Poundses also attached an affidavit by Julie M. Knight, the attorney who signed Bean's voluntary surrender as her attorney. In her affidavit, dated October 6, 2020, Knight attested to the fact that she did not represent the Poundses at any time, and stated "[i]f the surrender has that I did represent both it is a typographical error."[4] Knight also stated she was not employed by "Mr. Arata" and only used his law office to interview clients in the Washington Parish area.[5] The Poundses also attached to their application for adoption a proposed order for the trial court to approve Bean's and Davis's voluntary surrenders. The proposed order submitted by the Poundses was not signed by the trial court.

On October 15, 2020, Bean and Davis filed a "Natural Parents' Opposition to Adoption and Motion to Dissolve Acts of Surrender," in which they "**revoke[d] any previous consent to adoption, Acts of Surrender, and object and oppose any adoption of** [A.G.B.]." (Emphasis in original). Bean and Davis moved the trial court to deny the Poundses additional time to file Bean's and Davis' voluntary surrenders, pointing out that under La. Ch. Code art. 1131 (C), the Poundses had three days after execution of the voluntary surrenders on May 4, 2020, to file them with the trial court. Bean and Davis noted that the Poundses waited more than 160 days after execution of the voluntary surrenders to file them, and failed to request leave of court with good cause shown for the delay, as required by La. Ch. Code art. 1131 (C).

Bean and Davis included in their opposition to adoption a motion asking the trial court to dissolve their voluntary surrenders based on multiple deficiencies in both the substance of the surrenders and the procedures utilized to execute them, in contravention of the applicable Louisiana Children's Code articles. In particular,

---

[4] Davis's voluntary surrender was signed by Bryan A. Harris as Davis's attorney and Knight as "ATTORNEY FOR ADOPTIVE PARENTS[.]"

[5] William Arata represented the Poundses in connection with a protective order sought by the Poundses against Bean.

4

Bean asserted her voluntary surrender fails to comply with La. Ch. Code art. 1120 because she only participated in one, not two, pre-surrender counseling sessions with a licensed clinical social worker prior to executing her voluntary surrender. Bean also argued it was unclear whether she was represented by independent legal counsel at the time she executed the voluntary surrender, as required by La. Ch. Code art. 1121, because while her voluntary surrender states that she was represented by Knight at the time of execution, Davis's voluntary surrender lists Knight as the attorney for the Poundses.

Bean also asserted her voluntary surrender fails to comply with several of the statutory requirements set forth in La. Ch. Code art. 1122. In particular, Bean's voluntary surrender does not list Davis as A.G.B.'s biological father, or provide his current address, although that information was known to all parties at the time, especially considering the fact Davis executed his voluntary surrender the same day as Bean and at the same law office. Additionally, Bean noted her voluntary surrender does not contain the signature of the adoptive parents, the Poundses, or their attorney. Lastly, Bean pointed out that her voluntary surrender fails to comply with La. Ch. Code arts. 1122 and 1130 because it was executed only four days after A.G.B.'s birth. **Id.** at *2.

Davis moved to dissolve his voluntary surrender on the basis that it fails to comply with La. Ch. Code art. 1120, because he never attended any pre-surrender counseling sessions, although his voluntary surrender incorrectly states that he completed two pre-surrender counseling sessions. Davis argued his voluntary surrender fails to reflect that he was represented by independent legal counsel, as required by La. Ch. Code art. 1121, because the attorney who represented him at the time, Bryan Harris, is believed to have been an employee or associate of Arata and Arata, the law firm representing the Poundses. Davis noted his voluntary surrender does not contain the signature of the adoptive parents, the Poundses, or their

5

attorney, as required by La. Ch. Code art. 1122. Davis also pointed out that his voluntary surrender incorrectly states that it was executed prior to the birth of A.G.B., but was actually executed four days after her birth.

On October 26, 2020, the Poundses filed an "Exception of Prescription for Annulment or Attack on Voluntary Surrender" in Bean and Davis's custody suit (trial court docket no. 114,862). The Poundses argued that under La. Ch. Code art. 1148, Bean and Davis had only 90 days after execution of their voluntary surrenders to bring an action to annul the surrenders. The Poundses further asserted the 90-day time limitation set forth in La. Ch. Code art. 1148 is peremptive, and applies to any action to annul a voluntary surrender, for any reason. Accordingly, the Poundses contended Bean and Davis were time-barred from attacking their voluntary surrenders for any reason.

The Poundses also argued that Bean's and Davis's voluntary surrenders complied with the statutory requirements. The Poundses acknowledged that Bean's voluntary surrender was executed on May 4, 2020, four days after A.G.B.'s birth; however, the Poundses claimed that on May 7, 2020, Bean met with Knight and Emily Pounds at a pediatrician's office in order to have Knight place her notary seal on Bean's surrender and that Bean "reaffirmed her signature and intent to surrender [A.G.B.]" on that date. The Poundses argued that Davis waived any pre-surrender counseling and pointed out that a biological father is not required to wait at least five days after his child's birth to execute a voluntary surrender. The Poundses urged the trial court to "consider a totality of the evidence and circumstances" when deciding whether to approve the voluntary surrenders. The Poundses requested the trial court "grant their exception of prescription as to petitioners['] motion to annul the voluntary surrenders of Olivia Bean and Treshawn Davis as to [A.G.B.]"

On October 27, 2020, the trial court consolidated Bean and Davis's custody suit with the Poundses' adoption proceedings.

6

On November 10, 2020, Bean and Davis filed an opposition to the Poundses' exception of prescription.[6] Bean and Davis asserted their opposition to adoption and motion to dissolve acts of surrender were not filed until October 15, 2020, because the Poundses waited until October 13, 2020 to file their application for adoption seeking approval of Bean's and Davis's voluntary surrenders. Bean and Davis asserted they were not seeking to annul their surrenders under La. Ch. Code arts. 1147 and 1148 on the basis of fraud or duress, but were seeking to dissolve the surrenders under La. Ch. Code art. 1122 based on the multiple statutory deficiencies. **Id.** at *3.

On December 2, 2020, following a hearing on November 12, 2020,[7] the trial court signed a written judgment granting the Poundses' exception of prescription and ordering A.G.B. to remain in the custody of the Poundses.[8] Bean and Davis appealed that judgment; however, on April 16, 2021, this court dismissed the appeal for want of appellate jurisdiction, finding the trial court's December 2, 2020 judgment to be ambiguous as to the specific relief granted, and further finding the judgment to be defective and not a final judgment for the purpose of appeal because it did not contain the required decretal language. See **Bean v. Pounds**, 2020-1336 (La. App. 1st Cir. 4/16/21), 2021 WL 1438311, *2-3 (unpublished).

On June 28, 2021, pursuant to a motion filed by Bean and Davis, the trial court signed an amended judgment granting the Poundses' exception of prescription and dismissing Bean and Davis's claims in their opposition to adoption and motion to

---

[6] Bean and Davis's opposition to the Poundses' exception of prescription contains the captions for both Bean and Davis's custody suit and the Poundses' adoption proceedings, but only contained the trial court docket number for the custody suit.

[7] Judge Mary Clemence Devereux presided over the hearing.

[8] The December 2, 2020 judgment consists of two pages. The first page contains the caption of Bean and Davis's custody suit (trial court docket no. 114,862) and the judgment language granting the Poundses' exception of peremption and ordering A.G.B. to remain in the custody of the Poundses pending further order of the court. The second page contains the caption of Bean and Davis's custody suit (trial court docket no. 114,862), the order language setting and resetting the Poundses' exception of prescription, and the trial court's signature and date.

dissolve their acts of surrender. The June 28, 2021 judgment further ordered A.G.B. to remain in the custody of the Poundses "until further order of this Court."[9] **Bean,** 2022 WL 951370 at *5.

On July 2, 2021, Bean and Davis filed a "Supplemental Petition for Custody and Request for Designation of Counsel Regarding the Request for Approval of the Birth Parents' Surrenders" in their custody suit (trial court docket no. 114,862). **Id.** In their supplemental petition for custody, Bean and Davis alleged that their surrenders could not be approved by the trial court due to the multiple deficiencies in form and substance. **Id.** at *5-6. Additionally, Bean and Davis alleged the Poundses failed to file the voluntary surrenders within three days of the execution thereof, as required by La. Ch. Code art. 1131(A), and failed to seek leave of court with good cause shown for the delay in filing the voluntary surrenders, as required by La. Ch. Code art. 1131(C). Bean and Davis noted that under La. Ch. Code art. 1131(D), a trial court is required to "promptly review" voluntary surrenders once filed, and if a voluntary surrender fails to comply with the statutory requirements, the trial court is obligated to "immediately" notify counsel of record to remedy the defects. Bean and Davis requested the trial court deny approval of their voluntary surrenders, maintain their objection of the adoption of A.G.B., and return A.G.B. to their custody immediately. **Id.** at *6.

On July 19, 2021, the Poundses filed a pleading entitled "Res Judicata and Tolling of Peremptive Periods for Annulment or Attack on Voluntary Surrender" in Bean and Davis's custody suit (trial court docket no. 114,862). The Poundses argued Bean and Davis's supplemental petition for custody contained allegations regarding

---

[9] Judge Patrice W. Oppenheim was the presiding trial court judge at this point and had the authority to sign the June 28, 2021 judgment pursuant to La. R.S. 13:4209(B). The June 28, 2021 judgment contains the captions of Bean and Davis's custody suit and the adoption proceedings, but lists only the trial court docket number for the custody suit (trial court docket no. 114,862). The notice of judgment for the June 28, 2021 judgment only contains the caption of Bean and Davis's custody suit (trial court docket no. 114,862).

8

the validity of their voluntary surrenders that were previously raised in their objection to adoption and motion to dissolve surrenders. The Poundses asserted those issues were raised and considered by the trial court during the November 12, 2020 hearing on the Poundses' exception of prescription, and the trial court ultimately found those claims to be perempted. The Poundses argued the trial court's June 28, 2021 judgment granting their exception of prescription is a *res judicata* bar to the claims asserted by Bean and Davis in their supplemental petition for custody. The Poundses also argued Bean's and Davis's voluntary surrenders are valid, specifically arguing Knight's placement of a notary stamp on Bean's surrender on May 7, 2020 corrected the premature execution of Bean's surrender on May 4, 2020.[10] The Poundses further argued any action to annul Bean's and Davis's voluntary surrenders is perempted under La. Ch. Code art. 1148. **Id.**

On November 10, 2021, following a hearing, the trial court signed two written judgments relating to the Poundses' exception of *res judicata*. One of the judgments signed by the trial court denied Bean and Davis's supplemental petition for custody and their request that the trial court disapprove their surrenders based on its finding that those claims were precluded on the basis of *res judicata*. The other judgment granted the Poundses' exception of *res judicata* and denied as moot their exception of peremption. **Id.** at *7.

On December 13, 2021, Bean and Davis filed a writ application with this court seeking review of the trial court's November 10, 2021 judgments. On January 4, 2022, this court granted *certiorari* to consider the propriety of the judgments. **Id.** at *7. Following a review of the record and oral argument, this court recognized the "convoluted procedural history" of the case, including issues involving the filing of

---

[10] There is no indication, from the face of Bean's voluntary surrender, that it was signed by Bean on May 7, 2020, notarized by Knight on May 7, 2020, or witnessed by the signing witnesses on May 7, 2020. See La. Ch. Code art. 1122(E) and La. Civ. Code art. 1833.

pleadings in the wrong consolidated matter, and the fact that the Poundses waited more than 160 days after Bean and Davis executed their voluntary surrenders to file them with the trial court. This court also pointed out that although the Poundses attached to their application for adoption a proposed order for the trial court to approve Bean's and Davis's surrenders, there was no indication in the record of the consolidated matters that the trial court reviewed the surrenders. **Id.** at *9. This court found that although Bean and Davis's supplemental petition for custody contained allegations involving the validity of their surrenders, most of which were previously raised in their opposition to adoption and motion to dissolve acts of surrender, exceptional circumstances warranted relief from any *res judicata* effect of the trial court's June 28, 2021 judgment. In particular, this court explained:

> To allow the trial court's June 28, 2021 judgment to act as a *res judicata* bar to Bean's and Davis's request that the trial court undertake its statutory obligation to review their voluntary surrenders would completely frustrate the purpose of La. Ch. Code art. 1131(D)—to ensure that an act of surrender meets the statutory requirements to be considered presumptive evidence of a legal voluntary surrender under La. Ch. Code art. 1104(B). See Official Comment—1999 to La. Ch. Code art. 1131. The interests of justice would not be served by such a result, particularly considering the well-established rule that laws pertaining to adoption are in derogation of the natural rights of the biological parent to his or her child and must be strictly construed in favor of the biological parents. **In re C.B., Applying for Adoption,** 94-0755 (La. 10/17/94), 643 So.2d 1251, 1254.

**Id.** at *10. Therefore, this court found the trial court erred by granting the Poundses' exception of *res judicata*, and dismissing Bean and Davis's supplemental petition for custody and their request that the trial court disapprove their acts of surrender. **Id.** Accordingly, this court reversed the portion of the trial court's November 10, 2021 judgment granting the Poundses' exception of *res judicata* and denied the exception. This court vacated the portion of the November 10, 2021 judgment denying Bean and Davis's supplemental petition and their request that the trial court disapprove their surrenders. This court remanded the matter to the trial court with instructions to review the surrenders executed by Bean and Davis to determine their

10

sufficiency, as required by La. Ch. Code art. 1131(D), within 30 days from the issuance of its March 30, 2022 judgment. **Id.** at *11.

Following remand from this court, the trial court signed an order on April 20, 2022, noting it had reviewed the voluntary surrenders executed by Bean and Davis on May 4, 2020. In its order, the trial court stated it found both surrenders to be deficient pursuant to La. Ch. Code art. 1122, and therefore, also found that the surrenders could not be considered presumptive evidence of legal and voluntary surrenders, as provided in La. Ch. Code art. 1104. Accordingly, the trial court refused to accept the surrenders executed by Bean and Davis until the defects are remedied.[11]

On April 25, 2022, Bean and Davis filed a "Rule to Vacate Temporary Custody Order, for Return of Child and for Civil Warrant, Alternatively for Ex Parte Custody Pursuant to Civil Code of Procedure Art. 3945 and for Civil Warrant." In their filing, Bean and Davis referenced the trial court's April 20, 2022 order, stated they have withdrawn their consent to the adoption of A.G.B., and have no intention of remedying the defects contained within their surrenders. Accordingly, Bean and Davis asserted, pursuant to La. Ch. Code art. 1123, the Poundses "have no legal authority to maintain custody of the child as the adoption cannot proceed without the voluntary consent of the parents, movers in this matter." Bean and Davis noted the trial court last awarded temporary custody of A.G.B. to the Poundses on June 28, 2021, when it granted the Poundses' exception of prescription. Bean and Davis

---

[11] The language in the trial court's April 20, 2022 order permitting the defects contained within Bean's and Davis's surrenders to be remedied tracks the language of La. Ch. Code art. 1131(D), which provides:

> D. Upon filing, the court shall promptly review the surrender and any accompanying documents to ensure their sufficiency in accordance with Article 1104. If any document fails to comply with the requirements of this Title, the court shall immediately notify all counsel of record and may refuse to accept the surrender until such time as the defects are remedied. If the surrender and documents are found to comply with the requirements of this Title, the court shall enter an order approving the surrender and immediately notify all counsel of record.

11

argued that because the trial court found their voluntary surrenders to be insufficient, the portion of the trial court's June 28, 2021 judgment awarding temporary custody to the Poundses should be vacated. Bean and Davis stated their attorney had contacted counsel for the Poundses to effectuate a peaceful transfer of custody of A.G.B. from the Poundses to Bean and Davis, but their attorney's efforts have proved unsuccessful. Therefore, Bean and Davis requested the trial court issue an order vacating the portion of its June 28, 2021 judgment awarding temporary custody to the Poundses, and restore custody to Bean, the only biological parent listed on A.G.B.'s birth certificate. Additionally, considering restraining orders in effect in favor of the Poundses and against Bean and Davis, Bean and Davis asked that a civil warrant be issued directing the Washington Parish Sheriff's Department or other law enforcement to transfer custody of A.G.B. to Bean. Alternatively, Bean and Davis requested Bean be awarded *ex parte* temporary custody of A.G.B. pursuant to La. Code Civ. P. art. 3945 on the basis that A.G.B. will suffer immediate and irreparable harm if not returned to Bean.

On April 25, 2022, on the draft order attached to Bean and Davis's filing, the trial court denied their request to vacate the prior temporary custody order in favor of the Poundses, denied their request that Bean be granted custody of A.G.B., and denied their request that a civil warrant be issued directing the Washington Parish Sheriff's Office to transfer custody of A.G.B. to Bean. Instead, the trial court noted on the draft order that the matter was "set for hearing on May 17, 2022."

On April 28, 2022, Bean and Davis filed a writ application with this court seeking expedited review of the trial court's denial of their request that Bean be given custody of A.G.B. On May 17, 2022, the day the trial court scheduled a custody hearing in the proceedings below, the parties filed a joint motion to continue the hearing, which the trial court granted. In their writ application, Bean and Davis request this court return A.G.B. to the custody of Bean.

## DISCUSSION

As discussed, on April 20, 2022, the trial court signed an order finding the acts of surrender executed by Bean and Davis on May 4, 2020 deficient, as they fail to contain every element required by La. Ch. Code art. 1122, and therefore, cannot be considered presumptive evidence of their legal and voluntary surrender of A.G.B., as provided in La. Ch. Code art. 1104.[12]

We recognize that adoption is a creature of statute and all of the statutory requirements must be strictly carried out, otherwise the adoption is an absolute nullity. **In re T.M.L.**, 2006-1442 (La. App. 1st Cir. 12/28/06), 951 So. 2d 364, 366.

Title XI of the Louisiana Children's Code provides the exclusive means by which a parent can voluntarily relinquish his or her parental rights to a child for the ultimate purpose of adoption. La. Ch. Code art. 1101.

Louisiana Children's Code article 1193 states, in pertinent part:

Unless rights have been terminated in accordance with Title X or XI, consent to the adoption of a child or relinquishment of parental rights shall be required of the following:

(1) The mother of the child.

(2) The father of the child, regardless of the child's actual paternity, if any of the following apply:

(a) The child is a child born of the marriage in accordance with the Louisiana Civil Code or its legal equivalent in another state.

(b) The father is presumed to be the father of the child in accordance with the Louisiana Civil Code or its legal equivalent in another state.

(3) The alleged father of the child who has established his parental rights in accordance with Chapter 10 of Title XI.

(4) The biological father of the child whose paternity has been determined by a judgment of filiation and who has established his parental rights in accordance with Chapter 10 of Title XI.

---

[12] Louisiana Children's Code article 1104(B) provides that an "act of surrender shall be presumptive evidence of a legal and voluntary surrender only if it contains every element required by Article 1122, and is in all other respects executed in accordance with the provisions of this Title."

Additionally, Louisiana Children's Code article 1222(A)(4) sets forth the requirements for a petition for private adoption and specifically requires "the name of every parent whose consent to the adoption is required pursuant to Article 1193(1) and (2) and proof of their consent, or the name of every parent and the reason such consent is not required."

Based on the trial court's April 20, 2022 order finding Bean's and Davis's acts of surrender lack the required elements of La. Ch. Code art. 1122, and are insufficient to be considered presumptive evidence of Bean's and Davis's legal and voluntary surrender of A.G.B., the application for court approval of adoptive placement filed by Emily and Reid Pounds on October 13, 2020 cannot be granted. La. Ch. Code arts. 1193 and 1222.

Bean is A.G.B.'s natural mother and is the only parent listed on her birth certificate. A parent's interest in her relationship with her child is "manifestly a liberty interest protected by the Fourteenth Amendment's due process guarantee." **In re Adoption of B.G.S.**, 556 So.2d 545, 549 (La. 1990). The United States Supreme Court has declared it "'plain beyond the need for multiple citation' that a biological parent's right to 'the companionship, care, custody, and management' of his children is a liberty interest far more important than any property right." **Id.** (citing **Santosky v. Kramer**, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397, 71 L.Ed. 2d 599 (1982), and **Lassiter v. Dept. of Social Services of Durham County, N.C.**, 452 U.S. 18, 27, 101 S. Ct. 2153, 2160, 68 L.Ed. 2d 640 (1981)).

We find, as the Poundses' adoption of A.G.B. cannot be accomplished, A.G.B. should be returned to the custody of her natural mother. See **Adoption of Vest**, 427 So.2d 1359 (La. App. 3d Cir. 1983). We are not blind to the fact A.G.B. has been in the custody of the Poundses since her birth, and this transition will be difficult for all parties involved. However, we are equally cognizant of the fact that had the surrenders been filed within three days of their execution on May 4, 2020,

14

and thereafter promptly reviewed by the trial court, as required by La. Ch. Code art. 1131, this regrettable situation could have been avoided.[13] Therefore, we find the trial court erred by denying Bean and Davis's request that A.G.B. be returned to the custody of Bean.

## CONCLUSION

For the above and foregoing reasons, we grant the writ application filed by plaintiffs, Olivia Lyn Bean and Treshawn Daraie Davis, and reverse the portion of the trial court's judgment denying Bean and Davis's request that A.G.B. be returned to the custody of her natural mother. We vacate any prior custody awards in this matter, grant Bean and Davis's request that custody of A.G.B. be returned to Bean, and remand this matter to the trial court to facilitate the transfer of A.G.B. to her natural mother with said transfer to occur no later than 20 days from the date of issuance of this opinion.

**WRIT GRANTED WITH ORDER. JUDGMENT REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**

---

[13] We also note that La. Ch. Code art. 1122, which sets forth the required contents of an act of surrender, provides a "fail-safe" form which incorporates all of the requirements of an act of surrender. See La. Ch. Code art. 1122(F) and its Comments—1991, comment m.

OLIVIA LYN BEAN AND
TRESHAWN DARAIE DAVIS

NO. 2022 CW 0457

VERSUS

COURT OF APPEAL

EMILY POUNDS AND REID
POUNDS

FIRST CIRCUIT

<u>CONSOLIDATED WITH</u>

IN RE: EMILY AND REID
POUNDS APPLYING FOR
PRIVATE ADOPTION [OF A.G.B.]

STATE OF LOUISIANA



**HOLDRIDGE, J., agrees in part and dissents in part.**

Under the unfortunate facts of this case, the majority directs the trial judge to facilitate the transfer of A.G.B.'s custody to her natural mother "no later than 20 days from the date of issuance of this opinion." While I agree that custody of the minor child should be transferred to the natural mother, I strongly disagree that this court should order an immediate transfer of custody and set an arbitrary deadline without any knowledge or facts as to the ability of the natural mother to safely care for the child or the serious detrimental effects such a transfer may have on the minor child. While the majority is properly concerned with the custody rights of the natural mother who signed a surrender causing a "regrettable situation," I am more concerned about the possible substantial harm that may be inflicted on an innocent child by the "situation" created by the acts of the natural mother, the "adoptive parents," the attorneys involved, and even the court. The well-being of an innocent, two-year-old child, who had no part in creating this legal quagmire, should be paramount to any injustice caused by the actions of all of the involved named parties.

Therefore, I dissent from ordering any arbitrary deadline on the return of custody of the minor child, but instead I would order that the trial court conduct any hearings or order the preparation of any reports necessary to ensure that A.G.B. will not suffer substantial harm as a result of returning her to her natural

mother.  See La. C. C. art. 133.  If the minor child can be safely returned to the custody of the natural mother, the trial court should adopt a plan for A.G.B.'s transfer that considers the relationship the child has with the prospective adoptive parents, who have raised the child since birth, and the natural mother, with whom the child has had no contact.  In order to accomplish this enormously important and difficult transition, the trial court should strongly consider appointing a mental health expert in accordance with La. R.S. 9:331 to facilitate the transfer of custody. Any party who disagrees with the trial court's proposed plan, may seek review from this court, which will then have the benefit of the facts and evidence concerning the ability of the natural mother to care for the child and the best method of transferring custody that will cause the least harm to an innocent, two-year-old child.

OLIVIA LYN BEAN AND
TRESHAWN DARAIE DAVIS

2022 CW 0457

VERSUS

FIRST CIRCUIT

EMILY POUNDS AND
REID POUNDS

CONSOLIDATED WITH

COURT OF APPEAL

IN RE: EMILY AND REID
POUNDS

APPLYING FOR PRIVATE
ADOPTION [OF A.G.B.]

STATE OF LOUISIANA

---

**WELCH, J., dissenting.**

I respectfully, but vehemently, disagree with the majority's decision in this matter. To order the immediate transfer of physical custody of a two-year old child from the Pounds, who have provided the only home the child has ever known, to Ms. Bean will be traumatic to the physical and mental well-being of the child, is clearly contrary to what is in the child's immediate best interest, and, without the assistance of a mental health expert, is unconscionable.

I recognize that Ms. Bean, the biological mother of the minor child, has a fundamental liberty interest in the care, custody, and control of her child and thus, the paramount or superior right to custody. However, this fundamental liberty interest and paramount right of custody is not absolute; it must be balanced with considerations regarding the welfare and best interests of the child. See **Cook v. Sullivan**, 2020-01471 (9/30/21), 330 So.3d 152, 158. To that end, La. C.C. art. 133 was adopted to provide that "[i]f an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and

stable environment, or otherwise to any other person able to provide an adequate and stable environment." Although "[t]he words 'substantial harm' carry no magical connotation," "'substantial harm' includes parental unfitness, neglect, abuse inability to provide a home, and abandonment of rights." **Cook**, 330 So.3d at 158.

The two-year old minor child in this matter has been in the care and custody of Pounds since the day she was born, the child has known no other home during her life, and she does not even know Ms. Bean or Mr. Davis. These factual circumstances are attributable to the acts of surrender for adoption executed by Ms. Bean and Mr. Davis, although those surrenders have subsequently been determined to be legally insufficient. While the majority opinion recognizes the difficulties that will result from its order that custody be immediately transferred from the Pounds to Ms. Bean and notes that the "regrettable situation could have been avoided," this Court is not powerless to consider the welfare and best interest of the child. Notably, notwithstanding the adoption proceedings, there is a custody proceeding pending before the trial court. The welfare and best interest of the child would be best served by allowing the trial court to decide custody, including the applicability of La. C.C. art. 133 and the issue of whether any substantial harm would result to the child, prior to transferring custody of the child to Ms. Bean.

Furthermore, if an award of custody in favor of Ms. Bean is ultimately rendered and a transfer of custody becomes necessary, the assistance of a mental health expert will be essential for the minor child's physical and mental well-being. Therefore, in the event of such circumstances, I would order the trial court to appoint a mental health expert, in accordance with La. R.S. 9:331, to facilitate any necessary transfer of custody and to assist with any adjustment issues.

For these reasons, I dissent.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CW 0457

OLIVIA LYN BEAN AND TRESHAWN DARAIE DAVIS

VERSUS

EMILY POUNDS AND REID POUNDS

*Consolidated with*

IN RE: EMILY AND REID POUNDS

APPLYING FOR PRIVATE ADOPTION [OF A.G.B.]

************************************************

McClendon, J., concurs in part and dissents in part.

The minor child involved in this matter has been in the custody of Emily and Reid Pounds since her birth. To hurriedly transfer custody of the child to a new home without the assistance of a mental health expert would be, in my opinion, not in the best interest of the child. Therefore, I would suggest that the trial court appoint a mental health expert, in accordance with La. R.S. 9:331, to assist in facilitating the transfer of custody.

**OLIVIA LYN BEAN AND TRESHAWN DARAIE DAVIS**

**VERSUS**

**EMILY POUNDS AND REID POUNDS**

**CONSOLIDATED WITH**

**IN RE: EMILY AND REID POUNDS APPLYING FOR PRIVATE ADOPTION [OF A.G.B.]**

**FIRST CIRCUIT**

**COURT OF APPEAL**

**STATE OF LOUISIANA**

**2022 CW 0457**

CHUTZ, J., dissenting.

Since the custody hearing previously set for May 17, 2022, was continued on a joint motion for continuance, the issue of custody is still pending before the trial court. I believe any order by this court to transfer custody of A.G.B. prior to the trial court making a custody determination following a hearing on the issue is premature. Accordingly, I would deny the writ.